IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
09/02/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

REYNA ELIZABETH GARCIA PEREZ,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;
Field Office Director, ICE;
UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT; and
Acting United States Attorney General,

Respondents.

Case No. 26-3287-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which she challenges her detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **denies** the petition.

Petitioner filed her petition on August 5, 2026. The Court ordered expedited briefing, and respondents filed an answer to the petition, but petitioner did not file a reply brief by the ordered deadline; accordingly, the matter is ripe for ruling.

Petitioner claims that her detention without an individualized bond hearing violates due process; and she also cites a case in which the Second Circuit held that an alien who has been detained after a period of time in the United States is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), but is instead subject to detention under 8 U.S.C. §

1226(a), which allows for discretionary release on bond. *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *pet. for cert. filed* (U.S. July 23, 2026). In its answer, the Government represents that petitioner is now being detained under Section 1226(a), as evidenced by a written notice of a custody determination conducted under that statute, which also notes that petitioner has requested a review by the immigration court. Thus, the Government, while arguing that petitioner cannot now succeed on her claims as stated, has conceded in effect that petitioner is entitled to a review by an immigration judge of her request for release on bond. Accordingly, because petitioner is not being detained under Section 1225(b)(2) and she is not being detained without the opportunity for a bond hearing, the Court denies her claims.[1] [2]

---

[1] In a similar case, the Court rejected the petitioner's argument that a Court order was still required to ensure that the immigration court did not refuse to consider the merits based on a lack of jurisdiction. *See Salazar Coto v. Mackey*, 2026 WL 2408777, at *1 (D. Kan. Aug. 18, 2026) (Lungstrum, J.). In that case, the Court stated that it was incumbent on the Government to make sure that the merits were considered at any such hearing, as it had taken the position that this Court need not order a bond hearing because petitioner is detained under Section 1226(a) – thus in essence representing that the immigration court would grant a merits-based hearing; and the Court further warned that if the immigration court did claim a lack of jurisdiction to consider the petitioner's request, this Court would entertain an emergency motion to reopen the case, and it would order a bond hearing and consider requests for other relief or sanctions as appropriate. *See id.* at *1 n.2. That admonition applies here as well.

[2] Petitioner claims in the petition that she is entitled to a bond hearing at which the Government bears the burden of proof under a clear-and-convincing-evidence standard. Both this Court and the Tenth Circuit, however, have declined to impose such a standard in ordering bond hearings for aliens unlawfully detained under Section 1225(b)(2). *See Santillanes Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026); *Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.). Moreover, petitioner has not cited any authority supporting the position that due process requires such a burden of proof in bond hearings under Section 1226(a). The Court therefore denies any claim that the standard bond hearing conducted under Section 1226(a) would not be sufficient.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 2nd day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge